## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SHAQUIN ROANE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:24-cv-4486-JDW** |
| | : | |
| **CHERYL STEBERGER,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

Michael Roane asserts excessive force claims based on events that occurred during the intake process at Lancaster County Prison. I will permit his claim against the one defendant (Sgt. Klinger) to proceed. For the other defendants he has not alleged facts to make the claims plausible, so I will dismiss them. I will give Mr. Roane an opportunity to file an Amended Complaint if there are more facts that he can assert against those other defendants.

## I.    FACTUAL ALLEGATIONS[1]

On February 9, 2023, Sergeant Klinger "assaulted" Mr. Roane during the intake process at the Lancaster County Prison. After Mr. Roane stepped off the body scanner, Sgt. Klinger ordered him to turn around, placed him in handcuffs, kicked him to the

---

[1] Mr. Roane used the form complaint available to unrepresented litigants to file his claims and included additional handwritten pages. (ECF No. 2.) Mr. Roane also attaches to his Complaint the grievance documents he submitted and received in connection with the incident. (*Id.* at 12-26.) I consider the entire submission to constitute the Complaint and draw the facts from those documents. To the extent I quote the Complaint, I have cleaned up punctuation, spelling, and capitalization errors.

ground, and used a taser on his back while Mr. Roane was on his knees. Sgt. Klinger then pushed him into a cell and told him to "come to the wicky hole in the cell door" so that his handcuffs could be removed. (ECF No. 2 at 9.) Sgt. Klinger than "ripped and pulled" the handcuffs off Mr. Roane's wrist "with anger and malice," which caused cuts and pain. (*Id.* at 9, 16.) Mr. Roane suffered injuries to his wrist, fingers, and back.

Mr. Roane asserts Fourteenth Amendment excessive force claims. He seeks money damages and mental health treatment. In addition to Sgt. Klinger, Mr. Roane names six other Defendants in his Complaint: Warden Cheryl Steberger; Captain Jenkins; Lieutenant Jamal Leath; Investigator Justin Hackler; Deputy Warden Aberts; and Major Louis Chircillo. He names Warden Steberger and Sgt. Klinger only in their official capacities. He claims that each of these individuals "played a part in this assault by lack of training, lack of discipline [and] also for supporting misconduct and abusive behaviors." (*Id.* at 6.)

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Roane has submitted prison account statements and the required forms to show that he cannot pay the required filing fees at this time, so I will grant him leave to proceed *in forma pauperis*. Because Mr. Roane is a prisoner, he still must pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

### B.    Plausibility Of Claims

Mr. Roane asserts excessive force claims against the Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which a person can sue state and local officials for violations of federal constitutional rights. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff pursuing such a claim must allege and prove the personal involvement of each defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

3

### 1.    Official capacity claims

Mr. Roane checked the boxes on his form Complaint indicating his intent to sue Wargen Steberger and Sgt. Klinger in their official capacities, not their individual capacities. I will therefore address the official capacity claims against those two defendants, but I will also construe the pleading liberally and address individual capacity claims against them in the next section.[2] Official capacity claims are the same as claims against the governmental entity that employed them, which in this case is Lancaster County. To plead a § 1983 claim against a county, a plaintiff must allege that a municipal policy or custom caused the violation of his constitutional rights. *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

Mr. Roane does not include allegations to that effect. He has not identified a Lancaster County custom or policy that caused his injuries. Although he mentions "lack of training" and "lack of discipline" (ECF No. 2 at 6), there's no factual support. Allegations that just paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim. *See Groman v. Twp. of Manalapan*, 47 F.3d 628,

---

[2] Mr. Roane does not indicate the type of claims he asserts for the other defendants, so I construe the complaint as asserting individual capacity claims.

637 (3d Cir. 1995). Therefore, I will dismiss these claims. If Mr. Roane has a basis to sue these defendants in their official capacities, he can include the allegations in an amended complaint.

### 2.    Individual capacity claims

As Mr. Roane was a pretrial detainee during the relevant event, the Fourteenth Amendment governs his excessive force claims. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). To state a due process violation based on excessive force, a pretrial detainee must allege that "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Accepting Mr. Roane's factual allegations as true and drawing all reasonable inferences in his favor at this early stage of the proceedings, Mr. Roane has alleged a plausible Fourteenth Amendment excessive force claim against Sgt. Klinger. His

individual capacity claim against Sgt. Klinger passes statutory screening and may proceed.

As for the other Defendants, Mr. Roane does not plead any facts to establish that any of them was personally involved in the violation of Mr. Roane's constitutional rights. *See Rode*, 845 F.2d at 1207. Instead, he just includes general allegations about all Defendants. He has to plead facts about each Defendant, and the allegations have to be more than just the bare recitation of legal buzzwords that is in his Complaint. There must be some factual detail to make the claim plausible. I will dismiss the claims against the other Defendants, but I will give Mr. Roane a chance to file an Amended Complaint that fleshes out his claim against those Defendants.

As Mr. Roane decides whether to file an amended complaint, I caution him that it's not enough to name someone as a defendant just based on a high-ranking positions or because that person might have supervised Sgt. Klinger. Supervisors are not liable for alleged constitutional violations that their subordinates commit just because they employ or supervise those subordinates. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015)

Mr. Roane also cannot sue a defendant just based on that defendant's participation in the grievance problem, which appears to be the basis for him to have named Mr. Hackler, Mr. Chircillo, and Mr. Aberts. Unpublished decisions from panels of the Third Circuit hold that participation in the grievance process does not, without more,

establish involvement in the underlying constitutional violation, and I agree. *See, e.g.,*

*Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*); *Folk v. Prime Care*

*Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*).

## IV. CONCLUSION

I will grant Mr. Roane leave to proceed *in forma pauperis* and permit his

individual capacity claim against Sgt. Klinger to proceed. I will dismiss the rest of his

Complaint without prejudice and give him a chance to file an Amended Complaint. An

appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

December 19, 2024